**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 21 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SALVADOR CABRERA ARVIZO, | No. 21-1389 |
| Petitioner, | Agency No. A215-562-512 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 17, 2023**

Before:     HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

Salvador Cabrera Arvizo, a native and citizen of Mexico, challenges the

decision of the Board of Immigration Appeals ("BIA") denying his motion to

reopen and terminate his removal proceedings. We have jurisdiction under 8

U.S.C. § 1252. We review for abuse of discretion the agency's denial of a motion

---

*        This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

to terminate, *Dominguez v. Barr*, 975 F.3d 725, 734 (9th Cir. 2020), and to reopen, *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016).

Cabrera Arvizo's contention that the defect in his Notice to Appear deprived the immigration judge of jurisdiction over his proceedings is foreclosed by *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1188, 1193 (9th Cir. 2022) (en banc) ("[T]he failure of an NTA to include time and date information does not deprive the immigration court of subject matter jurisdiction.").

Because Cabrera Arvizo does not challenge the BIA's determination that his motion was untimely, we do not address that issue. *Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013).

Our jurisdiction to review BIA decisions denying sua sponte reopening is limited to "reviewing the reasoning behind the decisions for legal or constitutional error." *Bonilla*, 840 F.3d at 588. Because Cabrera Arvizo has not demonstrated any legal or constitutional error, we lack jurisdiction. *See Lona v. Barr*, 958 F.3d 1225, 1235 (9th Cir. 2020) ("[T]here is nothing left for us to review.").

The temporary stay or removal remains in place until the mandate issues.

**PETITION DENIED in part; DISMISSED in part.**